WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ralph I. Miller
Peter Gruenberger

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————x

In re:                                                                  :

LEHMAN BROTHERS HOLDINGS INC., *et al.*   :

                Debtors.                           :

———————————————————————x

Chapter 11

Case No. 08-13555 (JMP)

LEHMAN BROTHERS SPECIAL FINANCING INC. and :
LEHMAN BROTHERS HOLDINGS INC.

                Plaintiffs,                           :

-against-                                                              :

AMERICAN FAMILY LIFE ASSURANCE COMPANY
OF COLUMBUS and BNY CORPORATE TRUSTEE
SERVICES LIMITED
                                                     :
                Defendants.
                                                     :

———————————————————————x

Adversary Proceeding
No.: 09-01261 (JMP)

———————————————————————x

AMERICAN FAMILY LIFE ASSURANCE COMPANY   :
OF COLUMBUS

                Counterclaim Plaintiff,            :

| | |
|---|---|
| -against- | : |
| LEHMAN BROTHERS SPECIAL FINANCIAL INC. and LEHMAN BROTHERS HOLDINGS INC. | |
| | : |
| Counterclaim Defendants. | |
| | : |
| _____x | |

# REPLY TO FIRST AMENDED COUNTERCLAIMS (CORRECTED) OF PLAINTIFF AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Special Financing Inc. ("LBSF"), a debtor and debtor in possession in the above-captioned jointly administered chapter 11 case of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (collectively, the "Debtors," and collectively with its nondebtor affiliates "Lehman") and LBHI (collectively, "Counterclaim Defendants"), reply to the counterclaims of American Family Life Assurance Company of Columbus ("Aflac") on knowledge as to allegations about themselves and their own acts, and on information and belief as to all other matters, and hereby admits, denies, and/or asserts as follows:

1.  LBSF and LBHI deny the allegations set forth in Paragraph 1, including Aflac's inappropriate usage of the vague term "Lehman" in an attempt to treat all debtors and affiliates as one entity, when in fact different entities, including but not limited to LBSF and LBHI, may have acted individually.

2.  LBSF and LBHI deny the allegations in the first sentence in Paragraph 2 as such allegations may relate to them, including Aflac's inappropriate usage of the vague term "Lehman" in an attempt to treat all debtors and affiliates as one entity, when in fact different entities, including but not limited to LBSF and LBHI, may have acted individually. LBSF and LBHI further deny that LBSF or LBHI structured or administered any "credit-linked note

issuance transactions" of Beryl. Counterclaim Defendants admit the allegations in the other sentences in Paragraph 2 with respect to the swap agreements at issue in this case and respectfully refer the Court to such documents for a complete description of their terms and effect, but deny that true and correct copies of the governing Master ISDA Agreement and Schedule are attached to Aflac's counterclaim. The allegations in footnote 2 state legal conclusions to which no response is required. To the extent a response is required, LBSF and LBHI deny the allegations in footnote 2.

3. LBSF and LBHI admit that the Trustee, Beryl, and LBSF entered into a Supplemental Trust Deed, and that a true and correct copy is attached as Exhibit E to the Complaint of LBSF and LBHI. LBSF and LBHI deny all characterizations of that contract contained in Paragraph 3 and respectfully refer the Court to such documents for a complete description of their terms and effect.

4. LBSF and LBHI admit the first sentence of Paragraph 4 and footnote 3. LBSF and LBHI deny the allegations in the second sentence of Paragraph 4 that the Prospectuses merely repeat the Conditions in the Supplemental Trust Deeds.

5. LBSF and LBHI admit that the Supplemental Trust Deeds provide for certain security interests in favor of the Trustee and respectfully refer the Court to such documents for a complete description of their terms and effect. LBSF and LBHI deny the remaining allegations in Paragraph 5.

6. LBSF and LBHI admit that the swap transactions alleged in Paragraph 6 were terminated but deny all characterizations placed thereon and deny that the termination has the effect claimed by Aflac. LBSF and LBHI deny the remaining allegations in Paragraph 6.

7. LBSF and LBHI admit that Aflac asked the Trustee to cause the Aflac Notes to be redeemed. LBSF and LBHI further admit that counsel for LBSF and LBHI sent a letter referred to in Paragraph 7 and respectfully refer the Court to such document for a complete description of its terms and effect. LBSF and LBHI deny the remaining allegations in Paragraph 7.

8. LBSF and LBHI deny the allegations contained in Paragraph 8.

9. LBSF and LBHI lack information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10. The allegations in Paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, LBSF and LBHI deny the allegations in Paragraph 10.

11. LBSF and LBHI admit the allegations in Paragraph 11.

12. LBSF and LBHI admit the allegations in Paragraph 12.

13. LBSF and LBHI admit the allegations in Paragraph 13, except aver that LBSF's current principal business address is at 1271 Avenue of the Americas, 46th Floor, New York, NY 10020.

14. LBSF and LBHI admit the allegations in Paragraph 14, except aver that LBHI's current principal business address is at 1271 Avenue of the Americas, 46th Floor, New York, NY 10020.

15. LBSF and LBHI admit the allegations in Paragraph 15.

16. LBSF and LBHI admit the allegations in Paragraph 16.

17. The allegations in Paragraph 17 are legal conclusions to which no response is required. To the extent a response is required, LBSF and LBHI deny the allegations in Paragraph 17.

18. LBSF and LBHI deny the allegations in the first two sentences of Paragraph 2, including Aflac's inappropriate usage of the vague term "Lehman" in an attempt to treat all debtors and affiliates as one entity, when in fact different entities, including but not limited to LBSF and LBHI, may have acted individually. LBSF and LBHI admit the allegations in the third through fifth sentences of Paragraph 18, except that they deny that Aflac is entitled to repayment of the entirety of its principal at maturity.

19. LBSF and LBHI admit the allegations in Paragraph 19 except that they deny the statement in the second sentence of Paragraph 19 that LBHI's guarantee was a requirement for the rating of the Aflac Notes.

20. LBSF and LBHI admit the allegations in the first two sentences of Paragraph 20 but lack knowledge or information sufficient to form a belief as to whether Lehman Europe was capable of performing its duties. LBSF and LBHI lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 20. LBSF and LBHI deny the fourth sentence of Paragraph 20 because Lehman Japan resigned as custodian and was replaced by The Bank of New York Mellon, London Branch (BNYM-LB) on June 25, 2009 and the Collateral previously held by Lehman Japan was transferred to BNYM-LB in connection with such replacement.

21. LBSF and LBHI admit the allegations in the first sentence of Paragraph 21, but deny the second and third sentences.

22. LBSF and LBHI deny the allegations in Paragraph 22 and respectfully refer the Court to the agreements referenced in Paragraph 22 for a complete description of their terms and effect.

23. LBSF and LBHI deny the allegations in Paragraph 23 and respectfully refer the Court to the agreements referenced in Paragraph 23 for a complete description of their terms and effect.

24. LBSF and LBHI deny the allegations in Paragraph 24 and respectfully refer the Court to the agreements referenced in Paragraph 24 for a complete description of their terms and effect.

25. LBSF and LBHI deny the allegations in Paragraph 25 and footnote 8 of Paragraph 25 and respectfully refer the Court to the agreements referenced in Paragraph 25 for a complete description of their terms and effect.

26. LBSF and LBHI admit that the Transaction Documents provide for certain Events of Default and Termination Events and respectfully refer the Court to the Transaction Documents for a complete description of their terms and effect. LBSF and LBHI deny the remaining allegations in Paragraph 26 and footnote 9 and respectfully refer the Court to the Transaction Documents for a complete description of their terms and effect.

27. LBSF and LBHI admit the Transaction Documents specify certain Events of Default and respectfully refer the Court to the agreements referenced in Paragraph 27 for a complete description of their terms and effect. LBSF and LBHI otherwise deny the allegations in Paragraph 27 and footnote 10.

28. LBSF and LBHI deny the allegations in Paragraph 28 and in footnote 11.

29. LBSF and LBHI deny the allegations in Paragraph 29 but admit the allegations in the third sentence.

30. LBSF and LBHI deny the allegations in Paragraph 30.

31. LBSF and LBHI deny the allegations in Paragraph 31 and respectfully refer the Court to the agreements referenced in Paragraph 31 for a complete description of their terms and effect.

32. LBSF and LBHI admit that bankruptcy filings constitute Events of Default under the Transaction Documents but otherwise deny the allegations in Paragraph 32 and respectfully refer the Court to the agreements referenced in Paragraph 32 for a complete description of their terms and effect. LBSF and LBHI dispute the enforceability of the contractual provisions described in the first sentence of Paragraph 32.

33. LBSF and LBHI deny the allegations in Paragraph 33 and respectfully refer the Court to the agreements referenced in Paragraph 33 for a complete description of their terms and effect.

34. LBSF and LBHI repeat their responses to the allegations in the preceding paragraphs as set forth above.

35. LBSF and LBHI admit the allegations in Paragraph 35 and respectfully refer the Court to the agreements referenced in Paragraph 35 for a complete description of their terms and effect.

36. LBSF and LBHI admit the allegations in Paragraph 36.

37. Paragraph 37 states legal conclusions to which no response is required. To the extent a response is required, LBSF and LBHI deny the allegations in Paragraph 37.

38. Paragraph 38 states legal conclusions to which no response is required. To the extent a response is required, LBSF and LBHI deny the allegations in Paragraph 38.

39. Paragraph 39 states legal conclusions to which no response is required. To the extent a response is required, LBSF and LBHI deny the allegations in Paragraph 39.

40. LBSF and LBHI deny the allegation in paragraph 40.

41. LBSF and LBHI repeat their responses to the allegations in the preceding paragraphs as set forth above.

42. LBSF and LBHI deny the allegations in Paragraph 42 and respectfully refer the Court to the agreements referenced in Paragraph 42 for a complete description of their terms and effect.

43. LBSF and LBHI deny the allegations in Paragraph 43 and respectfully refer the Court to the agreements referenced in Paragraph 43 for a complete description of their terms and effect.

44. LBSF and LBHI deny the allegations in Paragraph 44 and respectfully refer the Court to the agreements referenced in Paragraph 44 for a complete description of their terms and effect.

45. LBSF and LBHI deny the allegations in Paragraph 45, except admit that the swap transactions under the Credit Default Swap Agreements were terminated due to LBSF's and LBHI's chapter 11 filings, and respectfully refer the Court to the agreements referenced in Paragraph 45 for a complete description of their terms and effect.

46. LBSF and LBHI deny that modification of LBSF's right to payment would have been proper, deny the remainder of allegations in Paragraph 46, and respectfully refer the Court to the agreements referenced in Paragraph 46 for a complete description of their terms and effect.

47. LBSF and LBHI deny the allegations in Paragraph 47 and respectfully refer the Court to the agreements referenced in Paragraph 47 for a complete description of their terms and effect.

48. The allegations in Paragraph 48 state legal conclusions to which no response is required. To the extent a response is required, LBSF and LBHI deny the allegations in Paragraph 48. LBSF and LBHI aver that modification of LBSF's right to payment is not safe harbored under section 560 of the Bankruptcy Code.

49. The allegations in Paragraph 49 state legal conclusions to which no response is required. To the extent a response is required, LBSF and LBHI deny the allegations in Paragraph 49. LBSF and LBHI aver that the modification of LBSF's right to payment is not protected by section 362(b)(17) of the Bankruptcy Code.

50. The allegations in Paragraph 50 state legal conclusions to which no response is required. To the extent a response is required, LBSF and LBHI deny the allegations in Paragraph 50. LBSF and LBHI aver that the modification of LBSF's right to payment is not protected by sections 101(53B)(A)(i), (A)(vi), 101(53C), 362(b)(17), or 560 of the Bankruptcy Code.

51. The allegations in Paragraph 51 state legal conclusions to which no response is required. To the extent a response is required, LBSF and LBHI deny the allegations in Paragraph 51.

52. LBSF and LBHI deny the allegations in Paragraph 52.

53. LBSF and LBHI repeat their responses to the allegations in the preceding paragraphs as set forth above.

54. LBSF and LBHI deny the allegations in Paragraph 54 except admit that under certain circumstances LBSF was required to pay a "Fixed Amount" under each Confirmation and that LBSF did not pay the Fixed Amount in September 2008. LBSF and LBHI respectfully refer the Court to the referenced document for the full terms and effect. LBSF and LBHI further

admit that LBHI guaranteed LBSF's obligations to pay fixed amounts. LBSF and LBHI deny the allegations in sentence 3 of Paragraph 54 that LBSF or LBHI are required to pay interest on unpaid Fixed Amounts.

55. LBSF and LBHI deny the allegations in Paragraph 55 except admit that under certain circumstances LBSF would be required to transfer additional credit support to Beryl if certain conditions are met but deny that those conditions occurred. LBSF and LBHI respectfully refer the Court to the agreements referenced in Paragraph 55 for a complete description of their terms and effect.

56. LBSF and LBHI admit that prepetition LBHI's short-term ratings were downgraded below the level required under the Transaction Documents for the transactions referenced in Paragraph 56 and that LBSF did transfer LBSF Credit Support under those transactions, but deny that such downgrade triggered LBSF's obligation to transfer LBSF credit support under the agreements.

57. LBSF and LBHI deny the allegations contained in Paragraph 57.

58. LBSF and LBHI deny the allegations contained in Paragraph 58.

59. LBSF and LBHI deny the allegations in Paragraph 59.

60. Paragraph 60 states a legal conclusion to which no response is required. To the extent a response is required, LBSF and LBHI deny the allegations in Paragraph 60.

61. LBSF and LBHI deny the allegations in Paragraph 61.

62. LBSF and LBHI repeat their responses to the allegations in the preceding paragraphs as set forth above.

63. Paragraph 63 states a legal conclusion to which no response is required. To the extent a response is required, LBSF and LBHI deny the allegations in Paragraph 63, except admit that Aflac is seeking a declaration as described in Paragraph 63.

64. LBSF and LBHI deny the allegations in Paragraph 64.

65. Paragraph 65 states a legal conclusion to which no response is required. To the extent a response is required, LBSF and LBHI deny the allegations in Paragraph 65.

66. LBSF and LBHI deny the allegations in Paragraph 66.

67. LBSF and LBHI intend to respond to each specific allegation and any allegations for which specific responses are not included in the preceding paragraphs 1 to 67 are hereby denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Aflac's claims are barred by illegality, unlawfulness, and non-enforceability.

### Second Affirmative Defense

Aflac fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

LBSF and LBHI affirmatively raise and reserve all other applicable equitable and legal defenses.

## RESERVATION OF RIGHTS

LBSF and LBHI reserve the right to assert additional affirmative defenses as LBSF and LBHI discover them through discovery or other investigation.

Wherefore, LBSF and LBHI respectfully request the Court to enter an order:

a. Dismissing the Counterclaims with prejudice;

b. Awarding such other relief as the Court deems just and proper, including costs and attorneys' fees.

Respectfully submitted,

 /s/ Ralph I. Miller
Ralph I. Miller
Peter Gruenberger
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Dated: New York, New York
July 13th, 2009